The motion for a new trial was made, and argued, at the last term; and now the Chief Justice, having recapitulated the preceding state of the case, delivered the opinion of the court.
M'Kean, Chief Justice.
The motion for a new trial in this cause, has been supported on two grounds: 1st, Because the Plaintiffs declare on the first bill of exchange, and produce the second and third, with a protest of the second; alledging, that the first was also protested, but furnishing no proof of that fact. And 2dly, because the verdict was against law and evidence.
Granting new trials depends on the legal discretion of the court, guided by the nature and circumstances of the particular case. 1 Burr. 293. The courts of England have granted them where the jury have found a general verdict, after counsel have prayed for, and the court have directed, a special one. 8 Mod. 220. 1 Will. 212. So where the verdict is against the strength of the evidence, and the trial is peremptory. 12 Mod. 439. 1 Barn. Notes 322. 1 Stra. 584. 2 Ld. Raym. 1358. S. C. 1 Burr. 395. And where the matter appears to the court to deserve a re-examination, they have likewise frequently ordered a new trial. 12 Mod. 336. 347. Vin. Abr. trial. N. g. f. 475.
In the present case, the verdict appears to be against the strength of the evidence. Two years and a half (from the 28th of April 1780, *235 until the 17th of October 1782,) elapsed between the time at which the Plaintiffs had notice of the protest of the bill in question, and the time when they gave notice to the Defendant: And, as the former resided at Philadelphia, and the latter at Poughkepsie, in the state of New-York, the distance of these places, which is less than 150 miles, does not sufficiently account for so extraordinary a delay, even though it happened during a war.
It is well understood, that notice of a protest ought to be given in a reasonable time; and, by not giving it, the indorser takes the loss upon himself: 1 Salk. 127. 2 Black. Rep. 469. Cun. Law. of B. of E. 40. Sect. 6. Doug. 497. Term. Rep. 168. 5 Burr. 2671. And want of notice is tantamount to payment. Term Rep. 408. 712
Upon the whole, we think this cause requires a re-examination; that the verdict was against the strength of the evidence given on the trial, and the law respecting reasonable notice; and that the Defendant, who has no remedy over but against John Witherspoon the prior indorser, or James Whitelaw, the drawer of the bill, will be improperly exposed to a great loss by the neglect of the Plaintiffs, if those persons should, in the mean time, have become insolvent.
A new trial awarded. *

 See post. same Cause, and Robertson et al. versus Vogle in the C. P.